An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

ANTONIO VICENTE DUENAS,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 60114



FILED

SEP 2 0 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of conspiracy to commit robbery, burglary while in possession of a firearm, attempted robbery with the use of a deadly weapon, and first-degree murder with the use of a deadly weapon of a victim 60 years of age or older. Eighth Judicial District Court, Clark County; Linda Marie Bell, Judge.

Appellant Antonio Vicente Duenas challenges the sufficiency of the evidence supporting his first-degree murder conviction based on a finding made by the jury on a special verdict form. During the settling of instructions, the district court asked the parties if either side wanted a special verdict asking the jurors which theory or theories they relied on should they find Duenas guilty of first-degree murder. Duenas requested that a special verdict be given to the jury. After the close of evidence, the jury returned a general verdict finding Duenas guilty of first-degree murder with the use of a deadly weapon of a victim 60 years of age or

SUPREME COURT
OF
NEVADA

(O) 1947A

13-28103

older. Thereafter, the district court instructed the jury to complete a special verdict form, containing four options—(1) all jurors find Duenas guilty based on premeditated and deliberate murder, (2) all jurors find Duenas guilty based on felony murder, (3) some of the jurors find Duenas guilty based on premeditated and deliberate murder and some jurors find Duenas guilty based on felony murder, and (4) all jurors find Duenas guilty based on premeditated and deliberate and felony murder. The jurors chose the third option. Duenas contends that the special verdict form shows that at least some of the jurors based their verdicts on a premeditated-murder theory, thereby rejecting the alternative theory of felony murder, and because the State presented insufficient evidence of premeditated murder, his first-degree murder conviction must be reversed.

A special verdict was unnecessary in this case because the jury does not need to be unanimous on a particular theory of culpability to sustain a conviction for a single offense, *see generally Anderson v. State*, 121 Nev. 511, 515, 118 P.3d 184, 186 (2005), and we discourage the use of special verdicts absent circumstances requiring a special verdict. *See e.g., McConnell v. State*, 120 Nev. 1043, 1069, 102 P.3d 606, 624 (2004) (requiring a special verdict in death penalty cases where the State charges alternative theories of premeditated and felony murder and bases a felony aggravating circumstance on the predicate felony underlying the felony-murder theory). Moreover, we are not convinced that the special verdict form establishes that the jurors who found Duenas guilty based on

a premeditated-and-deliberate-murder theory rejected the felony-murder theory. For example, the special verdict form did not offer an option stating that all jurors concluded that the evidence supported a felony-murder theory but some of them also concluded that the evidence supported the premeditation theory.

The evidence presented at trial overwhelmingly supports a felony-murder theory, *see Origel-Candido v. State,* 114 Nev. 378, 381, 956 P.2d 1378, 1380 (1998); *Jackson v. Virginia,* 443 U.S. 307, 319 (1979), and that is sufficient to uphold the conviction, *see generally Anderson,* 121 Nev. at 515, 118 P.3d at 186 ("A unanimous general verdict of guilt will support a conviction so long as there is substantial evidence in support of one of the alternate theories of culpability."). The evidence shows that the victim worked as a store clerk at the Loco Liquor Store in Las Vegas. As requested by his supervisor, the victim kept a Glock 9mm handgun with him during his shift. On the night of August 7, 2009, Duenas entered the liquor store with a Ruger P75 handgun. At some point, the victim and Duenas exchanged gunfire. Shortly thereafter, the victim's body was discovered behind the sales counter. Six shell casings were discovered near the sales counter—four behind the counter, one on top of the counter, and one in front of the counter. The victim fired those shots. One of the shots hit Duenas in the left hip. Duenas fired at least four shots, two of which inflicted substantial injuries to the victim, resulting in his death.

Having considered Duenas' argument and concluded that it lacks merit, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Gibbons

_____, J.        _____, J.
Douglas                             Saitta

cc:    Hon. Linda Marie Bell, District Judge
       Clark County Public Defender
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk